**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**NEW HAVEN DIVISION**

| | |
|---|---|
| In re:<br>FRANK J. COTRONA, JR.,<br><br>*Debtor* | Case No.: 25-30539 (AMN)<br>Chapter 7 |
| ANDREA O'CONNOR, CHAPTER 7 TRUSTEE,<br>*Plaintiff*<br>v.<br><br>SHERRY A. COTRONA, as Trustee of the Sherry A. Cotrona Revocable Truste Indenture;<br>SHERRY A. COTRONA, Individually;<br>FRANK J. COTRONA, as Trustee of the Sherry A. Cotrona Revocable Trust Indenture;<br>9 WEST MAIN PROPERTIES, LLC;<br>THE MARTONE GROUP, LLC;<br>MARTONE BUILDING GROUP, LLC;<br>MARTONE CUSTOM HOMES, LLC; and<br>NORTHSTAR ENTERPRISES BG, LLC,<br><br>*Defendants* | Adv. Pro. No. 25-03005 (AMN)<br><br>Re: AP-ECF Nos. 36, 39[1] |

# MEMORANDUM OF DECISION AND ORDER <u>GRANTING IN PART AMENDED MOTION TO DISMISS</u>

This memorandum of decision and order addresses the Defendants' motion to dismiss Counts IX-XXII of the Chapter 7 Trustee's amended complaint (the "Amended Complaint") pursuant to Fed.R.Civ.P. 12(b)(6), made applicable to this proceeding by

[1] "ECF No." refers to the document number on the court's electronic case filing docket for the Chapter 7 case, Case No. 23-30539. "AP-ECF No." refers to the document number on the court's electronic case filing docket for the adversary proceeding case, Adversary Proceeding No. 25-03005.

Fed.R.Bankr.P. 7012. *See* AP-ECF Nos. 36, 39. For the reasons explained below, the Motion will be granted in part.

**Background**

Frank J. Cotrona, Jr. (the "Debtor") commenced the underlying bankruptcy case by filing a voluntary petition under Chapter 7 of the Bankruptcy Code[2] on July 26, 2023 (the "Petition Date"). Case No. 23-30539, ECF No. 1. Andrea O'Connor (the "Trustee"), in her capacity as Chapter 7 Trustee for the Debtor's bankruptcy estate, initiated this adversary proceeding by filing the initial complaint on July 1, 2025. *See* Case No. 25-03005, AP-ECF No. 1 (the "Initial Complaint"). The Trustee brought claims against multiple defendants, including Sherry A. Cotrona in her individual capacity and as trustee and grantor of the Sherry A. Cotrona Revocable Trust Indenture (the "Trust"); Frank J. Cotrona, Jr. as co-trustee of the Trust; 9 West Main Properties, LLC ("9 West"); The Martone Group, LLC ("The Martone Group"); Martone Building Group, LLC ("Martone Building"); Martone Custom Homes, LLC ("Martone Custom Homes"); and Northstar Enterprises BG, LLC ("Northstar") (collectively, the "Defendants.")(The Martone Group, Martone Building, and Martone Custom Homes are the "Martone Defendants.").

The Court dismissed portions of the Initial Complaint and granted the Trustee leave to file an amended complaint pursuant to Fed.R.Civ.P. 15(a), which she filed as AP-ECF No. 36 (36 is the "Amended Complaint"). AP-ECF Nos. 9, 25, 30, 36. The Defendants again seek to dismiss some of the Trustee's claims in their new Motion to Dismiss, requesting dismissal of Counts IX-XXII. AP-ECF No. 39 (the "Motion").

---

[2] Title 11 of the United States Code is the "Bankruptcy Code."

In both the Initial Complaint and Amended Complaint, the Trustee generally alleges that the Debtor is the sole owner and manager of 9 West, a Vermont-based LLC, and Martone Custom Homes, an entity the Debtor interchangeably referred to as Martone Custom Homes, Martone Group, and Martone Buildings. The Trustee further states the Debtor holds a 50% ownership interest in Northstar, with Sherry Cotrona possessing the remaining interest. She argues the Debtor serves as co-trustee alongside Sherry Cotrona of the Trust, which lists its place of business as 5 Laurelwood Drive, Wallingford, Connecticut (the "Residence") where the Debtor and Sherry Cotrona also both reside. The Amended Complaint contains twenty-two (22) counts, as summarized in the following chart:

| Count | Claims |
|---|---|
| **Count I** | Seeks a declaratory judgment determining the extent that 9 West's assets constitute property of the bankruptcy estate. |
| **Count II** | Seeks a declaratory judgment piercing the corporate veil and determining 9 West is the Debtor's alter ego. |
| **Count III** | Seeks a declaratory judgment determining the extent that the Trust's assets are property of the bankruptcy estate. |
| **Count IV** | Seeks a declaratory judgment piercing the corporate veil and determining the Trust is the Debtor's alter ego. |
| **Count V** | Seeks a declaratory judgment determining the extent that the Martone Defendants' assets are property of the bankruptcy estate. |
| **Count VI** | Seeks a declaratory judgment piercing the corporate veil and determining the Martone Defendants are the Debtor's alter ego. |
| **Count VII** | Seeks a declaratory judgment determining the extent that assets of Northstar are property of the bankruptcy estate. |
| **Count VIII** | Seeks a declaratory judgment piercing the corporate veil and determining Northstar is the Debtor's alter ego. |
| **Count IX** | Seeks a declaratory judgment substantively consolidating the Debtor, 9 West, the Trust, the Martone Defendants, and Northstar. |
| **Count X** | Claim for fraudulent transfer pursuant to 11 U.S.C. §§ 544, 548, 550 and in violation of Conn. Gen. Stat. 52-552e(a)(1). |
| **Count XI** | Claim against the Trust for actual fraudulent transfer pursuant to Conn. Gen. Stat. § 52-552b(3) and VT S. T. 9 § 2288(a)(1). |
| **Count XII** | Claim against the Trust and 9 West for constructive fraudulent transfer pursuant to Conn. Gen. Stat. § 52-552e(a)(2) or VT. Stat. T. 9, § 2288(a)(2). |

| Count | Claims |
|---|---|
| **Count XIII** | Claim against the Trust for constructive fraudulent transfer pursuant to Conn. Gen. Stat. § 52-552h(a) and VT. Stat. T. 9, § 2291(a). |
| **Count XIV** | Claim against the Martone Defendants for actual fraud pursuant to Conn. Gen. Stat. § 52-552h(a), VT. Stat. T. 9, § 2291(a), or Tex. Bus. & Com. Code. § 24.008(a). |
| **Count XV** | Claim against 9 West and Sherry Cotrona for constructive fraud pursuant to Conn. Gen. Stat. 52-552e(a)(2), VT. Stat. T. 9, § 2288(a)(2), and Tex. Bus. & Com. Code. § 24.005(a)(2). |
| **Count XVI** | Claim against the Martone Defendants for constructive fraud pursuant to Conn. Gen. Stat. § 52-552f(a), VT. Stat. T. 9, § 2289(a), or Tex. Bus. & Com. Code. § 24.006(a). |
| **Count XVII** | Claim against 9 West and Northstar for actual fraud pursuant to Conn. Gen. Stat. § 52-552e(a)(1), VT. Stat. T. 9, § 2288(a)(1), or Fla. Sta. § 726.105(1)(a). |
| **Count XVIII** | Claim against 9 West and NorthStar for constructive fraud pursuant to Conn. Gen. Stat. § 52-552e(a)(2), VT. Stat. T. 9, § 2288(a)(2), Fla. Stat. § 726.105(1)(b). |
| **Count XIX** | Claim against Northstar for constructive fraud pursuant to Conn. Gen. Stat. § 52-552f(a), VT. Stat. T. 9, § 2289(a), Fla. Stat. § 726.106(1). |
| **Count XX** | Claim against 9 West and Sherry Cotrona for actual fraud pursuant to Conn. Gen. Stat. § 52-552e(a)(1) or VT. Stat. T. 9, § 2288(a)(1). |
| **Count XXI** | Claim against 9 West and Sherry Cotrona for constructive fraud pursuant to Conn. Gen. Stat. § 52-552e(a)(2) or VT Stat. T. 9, § 2288(a)(2). |
| **Count XXII** | Claim against Sherry Cotrona for constructive fraud pursuant to Conn. Gen. Stat. § 52-552f(a) or VT Stat. T. 9, § 2289(a). |

**Jurisdiction and Venue**

This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334(b) and derives its authority to hear and determine this matter on reference from the District Court for the District of Connecticut pursuant to 28 U.S.C. §§ 157(a), (b)(1), and the District Court's General Order of Reference dated September 21, 1984. This adversary proceeding is a core proceeding, and the parties have filed statements consenting to the Court's entry of a final judgment. *See* 28 U.S.C. §§ 157(b)(2)(A) (administration of the estate), (E) (turnover), (H) (determine, avoid, or recover fraudulent transfers); AP-ECF Nos. 24, 27. This adversary proceeding is governed by Federal Rules

of Bankruptcy Procedure Rule 7001, *et seq*. Venue of this proceeding is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## **Applicable Law**

i. Motions to Dismiss

A complaint may survive a motion to dismiss under Fed.R.Civ.P. 12(b)(6), incorporated to this proceeding by Fed.R.Bankr.P. 7012(b)(6), if it "contains sufficient factual matter . . . to state a claim for relief that is plausible on its face," and sufficiently supports a reasonable inference that the defendant is liable for the misconduct alleged. *Aschcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 500 U.S. 544, 570, 679 (2007). In this analysis, courts accept all factual allegations in the complaint as true—though legal conclusions or recitals of the elements of a cause of action supported by mere conclusory statements need not be given such weight—and draw all inferences in the plaintiff's favor. *Iqbal*, 556 U.S. at 678-79. A plausible claim must include factual content adequate to support a reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678. Pleadings raising nothing more than a suspicion of a legally cognizable right of action or containing mere formulaic recitations of the elements of a cause of action are inadequate. *Lynch v. City of N.Y.*, 952 F.3d 67, 74 (2d Cir. 2020); *Errato v. Am. Express Co.*, 646 F. Supp. 3d 402, 408 (D. Conn. 2022).

Rule 8(a) requires pleadings to contain "a short and plan statement of the claim showing that the pleader is entitled to relief," sufficient to "give the adverse party a fair notice of the claim asserted so as to enable [them] to prepare for trial." Fed.R.Civ.P. 8(a)(2), (3); Fed.R.Bankr.P. 7008. Pleadings containing "formulaic recitation[s] of the elements of a cause of action," or lacking facts sufficient to permit the court to infer more

than the mere possibility of misconduct or a speculative right to relief do not meet this standard. *Twombly*, 550 U.S. at 555, 679.

Claims alleging fraud trigger heightened pleading requirements under Rule 9, which requires they "state with particularity the circumstances constituting fraud," though the particularity requirement is "relaxed" for bankruptcy trustees, who, as outsiders to the transactions, necessarily plead fraud from second-hand knowledge. *Despins v. Apple (In re Kwok)*, 2025 Bankr. LEXIS 1801, at 25 (Bankr. D. Conn. 2025); *In re Extended Stay, Inc.*, 2020 Bankr. LEXIS 2128, at 212 (Bankr. S.D.N.Y. 2020). Allegations of fraud must be accompanied by the facts upon which they are based. *DiVittorio v. Equidyne Extractive Indus., Inc.*, 822 F.2d 1242, 1247 (2d Cir. 1987). Though the defendant's intent, if a required element, need not be alleged with great specificity, the complaint must include sufficient detail on the property that was conveyed, the timing or frequency of the transfer, and the consideration paid for the transfers, so as to, in part, enable defendants to identify and prepare a defense for the allegedly fraudulent behavior. *Gordon v. I.M.V. 1290 (In re Mina)*, 2022 Bankr. LEXIS 1887, 2022 WL 2657481, at 10 (Bankr. W.D.N.Y. 2022) (quoting *Bernard L. Madoff Inv. Secs. LLC*, 454 B.R. 317, 329 (Bankr. S.D.N.Y. 2011)); *Chill v. Gen. Elec. Co.*, 101 F.3d 263, 267 (2d Cir. 1996). Complaints alleging fraudulent conduct by multiple defendants should include specific and separate allegations against each defendant sufficient to "inform each defendant of the nature of [their] alleged participation." *Conn. Gen. Life Ins. v. BioHealth Labs, Inc.*, 573 F.Supp. 3d 671, 686 (D. Conn. 2021).

So-called "shotgun" pleadings, wherein it is impossible to determine which allegations of fact support which claims to relief, may be subject to dismissal under Rules

8(a) and 9(b). *Harrington v. Racki (In re Bishop)*, 578 B.R. 158, 167-68 (Bankr. W.D.N.Y. 2017); *see also Gibson v. City of Portland*, 165 F.4th 1265, 1288-90 (9th Cir. 2026) (generally describing the incompatibility between shotgun pleadings and Rule 8); *Decker v. Massey-Ferguson, Ltd.*, 681 F.2d 111, 113-15 (2d Cir. 1982) (dismissing a shotgun pleading under Rule 9(b)). Shotgun pleadings typically assert multiple counts, each of which incorporates by reference all preceding factual allegations and every prior count, and recites the elements of the claim without tying those elements to specific factual allegations, thereby making it difficult, if not impossible, to determine which facts relate to each claim. *Digilytic Int'l FZE v. Alchemy Fin., Inc.*, 2022 U.S. Dist. 57765, at 13 (S.D.N.Y. 2022); *McArter & English v. Jarrow Formulas, Inc.*, 2020 U.S. Dist. LEXIS 155704, at 11-12 (D. Conn. 2020) (internal citations omitted); *Croons v. N.Y. State Office of Mental Health*, 18 F. Supp. 3d 193, 199 (N.D.N.Y. 2014).

ii. Fraudulent Transfers

Bankruptcy Code Section 548 permits trustees to avoid actual and constructive fraudulent transfers. 11 U.S.C. § 548. Trustees may similarly avoid fraudulent transfers under applicable state law pursuant to § 544(b)(1). "[T]he fraudulent transfer analysis in most states shares substantially similar legal requirements to those set forth in § 548." *Dundon v. TPG Capital, L.P. (In re Endo Int'l PLC)*, 2026 Bankr. LEXIS 1337, 2026 WL 1534328, at 17, n.8 (Bankr. S.D.N.Y. 2026) (explaining that, absent allegations of bad faith, "regardless of which state's laws are treated as the 'applicable state law,' the legal inquiry . . . is substantially similar"); *see e.g.*, *Katz v. Anderson (In re Anderson)*, 651 B.R. 82, 92 (Bankr. D. Conn. 2023) (finding the standards under § 548 and the Connecticut Uniform Financial Transfer Act ("CUFTA") are not "materially different").

To adequately plead a constructive fraudulent transfer claim, plaintiffs must plausibly allege that the transferor made the transfer within two years of the petition date without receiving "reasonably equivalent value," and that the debtor was: (i) insolvent at the time of the transfer, (ii) became insolvent as a result of the transfer, (iii) was engaged in business with unreasonably small capital, or (iv) intended to incur debts beyond their ability to pay. 11 U.S.C. § 548(a)(1)(B). Proof of fraudulent intent is not required. The Code defines insolvency as a "financial condition such that the sum of such entity's debts is greater than all of such entity's property, at a fair valuation[.]" 11 U.S.C. § 101(32). Trustees bear the burden of proof in demonstrating lack of reasonably equivalent value by a preponderance of the evidence. *AYH Wind Down LLC v. Silberstein (In re All Year Holdings Ltd.)*, 2025 Bankr. LEXIS 367, 2025 WL 559695, at *48 (Bankr. S.D.N.Y. 2025). Because constructive fraud claims are subject to Rule 8, rather than Rule 9(b)'s heightened standards, movants may make "allegations aggregating transfers into lump sums over several years without identifying the number of transfers, the dates of the transfers, or the amount of any specific transfer," though the transfers to be avoided should be identified with enough specificity to give the defendant fair notice of the facts the complaint rests on. *See In re Endo Int'l PLC*, 674 B.R. at 406-07; *In re Bernard L. Madoff Inv. Securities, LLC*, 458 B.R. 87, 113 (Bankr. S.D.N.Y. 2006).

Actual fraudulent transfer claims are subject to Rule 9(b)'s heightened requirements and must plead with specificity facts showing the circumstances of the fraud, and the transferor's fraudulent intent. 11 U.S.C. § 548(a)(1)(A). *Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC*, 797 F.3d 160, 171 (2d Cir. 2015). Such claims should identify the property subject to the transfer, the timing or frequency of the

transfer, and the consideration paid with respect thereto, though allegations of fraudulent intent may be pled more generally. *Loreley Fin.*, 797 F.3d at 171; *Madoff*, 458 B.R. at 106.

iii. Substantive Consolidation

Complaints seeking substantive consolidation must allege facts showing: (i) the operational and financial affairs of the applicable entities are so entangled that accurate identification and allocation of assets and liabilities cannot be achieved; or (ii) that creditors dealt with the entities as a single economic unit. *Gordon v. I.M.V. 1290 (In re Mina)*, 2022 Bankr. LEXIS 1887, 2022 WL 2657481, at *7 (Bankr. N.D.N.Y., July 8, 2022). When appropriate, courts may "substantively consolidate debtor and non-debtor entities." *Official Comm. of (In re Verestar)*, 343 B.R.444, 463 (Bankr. S.D.N.Y. 2006).

**Discussion**

i. Dismissal under Fed.R.Civ.P. 9

The Defendants contend that Counts X, XI, XIV, XVII, and XX of the Amended Complaint, each alleging actual fraudulent transfer, fail to satisfy Rule 9's heightened pleading requirements and thus should be dismissed. The Court agrees.

With respect to "[a]llegations of the transferor's mental state, *i.e.*, intent, may be pleaded generally, but a plaintiff must nonetheless allege facts that give rise to a strong inference of fraudulent intent." *Katz v. Anderson (In re Anderson)*, 623 B.R. 199, 213 Bankr. D. Conn. 2020). Here, while the Amended Complaint makes generalized allegations that the Debtor was subject to various lawsuits and conclusorily asserts he was concealing assets, it fails to set forth specific facts supporting that the Debtor and/or any of the defendants acted with the specific fraudulent intent needed to support a count of actual fraud. Particularly, the Amended Complaint fails to inform each Defendant of

the nature of the specific acts they took in participation to the alleged fraud and does not make specific and separate allegations against each Defendant. While these allegations may be sufficient under Fed.R.Civ.P. 8, they are not under Fed.R.Civ.P. 9.

ii. <u>Dismissal under Fed.R.Civ.P. 8</u>

a. <u>Count IX</u>

The Defendants also argue that Count IX, which requests a declaratory judgment substantive consolidating the Defendants, be dismissed for failure to meet Rule 8's pleading standards. Again, the Court agrees. Count IX consists of only two paragraphs: the first incorporates en masse all allegations in the preceding paragraphs, and the second simply requests a declaratory judgment substantively consolidating the Defendants. AP-ECF No. 36, p. 30. Beyond this, Count IX gives no indication as to the basis upon which this relief is sought or any explanation as to how the facts alleged elsewhere in the Amended Complaint satisfy the governing legal standard.

Though the Trustee is correct that a movant may establish *either* that creditors dealt with the relevant entities as a single economic unit, *or* that the entities' affairs are so entangled that consolidation would benefit all creditors, neither theory is alleged here. AP-ECF No. 47, p. 7. The Trustee contends that the numerous transfers identified in the Amended Complaint, together with the Debtor's testimony that "9 West is me," satisfy this standard. The Court disagrees.

While the transfers certainly indicate a close financial relationship between the various entities, as currently pled the Amended Complaint does not indicate that the Defendants' affairs were so intertwined as to make separating them impossible. In support of their position, the Trustee cited, among other authorities, *Bank of Am., N.A. v.*

*CD-04, Inc. (In re Owner Mgmt. Serv., LLC)*, 530 B.R. 711 (Bankr. C.D. Cal. 2015). However, in that decision the Court held that such a degree of entanglement may be shown "only where the time and expense necessary even to attempt to unscramble them is so substantial as to threaten the realization of any net assets for all the creditors," or is otherwise impossible. *In re Owner Mgmt. Serv., LLC*, 530 B.R. at 723 (citing *In re Augie/Restivo Baking Co.*, 860 F.2d 515, 519 (2d Cir. 1988)). The Amended Complaint provided no information supporting that this is the case here, and, in fact, the Trustee's own classification of transfers by party in the Amended Complaint appears to indicate the opposite. There is also no identified support showing that creditors treated the Defendants as a single entity or that equitable concerns would otherwise necessitate consolidation beyond repeating the bare assertion that "consolidation would benefit all creditors." *See e.g.*, AP-ECF No. 36, p. 17.

b. Counts XII, XIII, XV, XVI, XVIII, XIX, XXI, and XXII

The Motion requests dismissal of Counts XII, XIII, XV, XVI, XVIII, XIX, XXI, and XXII, all alleging constructive fraud, pursuant to Rule 8 for similar reasons. However, the Court finds the complaint is sufficiently specific as to the transactions at issue. The Amended Complaint lays out – with sufficient specificity – the date, amount, transferor, and transferee for each of the subject transactions and alleges the Debtor and/or his (alleged) alter ego were insolvent and/or received no consideration for said transfers. Accordingly, the Amended Motion to Dismiss is Denied as to these counts.

iii. Dismissal with Prejudice

The Court now considers the final remaining question of whether dismissal of these counts with prejudice is warranted. As the Trustee acknowledged in her response to the

Motion, the Court previously identified substantially similar deficiencies in its ruling on the First Motion to Dismiss and afforded the Trustee both an opportunity and a deadline extension to cure them. AP-ECF Nos. 30; 44; 47, p. 2. Despite this, the Amended Complaint perpetuates many of the same defects.

There is significant case law in the Second Circuit supporting dismissal with prejudice in instances when, despite being previously granted leave to amend, an amended complaint fails to correct already-identified shortcomings. *See e.g.*, *Chunn v. Amtrak*, 916 F.3d 204, 208 (2d Cir. 2019)("Leave to amend may be denied if the proposed amendment would be futile. Amendment is futile if it fails to cure prior deficiencies.") (internal quotations omitted); *Catania v. United Fed'n of Tchrs.*, 2025 U.S. Dist. LEXIS 76866, 2025 WL 1195917, at 4 (S.D.N.Y. 2025) (internal quotations omitted) ("[F]ailure to fix deficiencies in [a] previous pleading, after being provided notice of them, is alone sufficient ground to deny leave to amend"); *Tow v. Bulmahn*, No. 15-3141, 2016 U.S. Dist. LEXIS 57396, at 94-96 (E.D. La. 2016), *aff'd*, 711 Fed. Appx. 216 (5th Cir. 2017) (denying a trustee leave to amend after failing to cure deficiencies despite a prior amendment, which the court found "particularly striking given that . . . Trustee has ample access to [the Defendant's] books and records").

Because the Amended Complaint failed to adequately remedy the pleading deficiencies previously identified despite receiving an extended period of time to do so, the Court concludes that any further amendment to be futile. The Court is aware that leave to amend should be given freely when justice so requires pursuant to Fed.R.Civ.P. 15, under these circumstances, requiring the Defendants to respond to yet another

complaint would impose unnecessary expense and delay. Therefore, the aforementioned counts are dismissed with prejudice.

For the foregoing reasons, the Defendant's Motion to Dismiss, ECF No. 39 is GRANTE IN PART, as set forth above, and it is hereby

**ORDERED**: Count IX is dismissed pursuant to Fed.R.Civ.P. 8(a), appliable to this proceeding by Fed.R.Bankr.P. 7008; and, it is further

**ORDERED**: Counts X, XI, XIV, XVII, and XX are dismissed pursuant to Fed.R.Civ.P. 9(b), made applicable here by Fed.R.Bankr.P. 7009; and, it is further

**ORDERED**: Because the Trustee has already been afforded an opportunity to amend the Initial Complaint, and because the Amended Complaint contains substantially similar pleading deficiencies, dismissal of the above counts is with prejudice.

Dated this 28th day of August, 2026, at New Haven, Connecticut.

*Ann M. Nevins*
*Chief United States Bankruptcy Judge*
*District of Connecticut*